## DARKE CO LIVESTOCK CO et v GRUBB

Ohio Appeals, 2nd Dist, Darke Co
No. 362. Decided Jan 8, 1931

Ballard, Jones & Price, Columbus, and Murphy & Staley, Greenville, for Darke County Livestock Co.

Mannix & Billingsley, Greenville, and W. D. Spidel, for Grubb.

HORNBECK, J.

On the question of agency there is a sharp conflict in the inferences that may be drawn from the evidence. The circumstances giving to them the intendment of which they are susceptible in connection with the express testimony of the witnesses for the plaintiff, justified the jury, within its province as triers of the facts, in reaching the conclusion that the plaintiff purchased the hogs of the Darke County Live Stock Co., and not through it as his agent. It might on the evidence in conjunction with the Articles of Incorporation of the Darke Live Stock Co-operation Association have taken the view urged by the defendants.

On the second claim, viz, the implied warranty. It is claimed that the plaintiff accepted the hogs under conditions which did or should have put him on notice as to their illness, and, having accepted them with knowledge of their condition, should not be permitted to urge the warranty. The jury was properly charged that having examined the hogs the plaintiff was required to exercise ordinary care to determine their condition and, if by the exercise of this degree of care, he could have

discovered their condition he would not be entitled to the benefits of the implied warranty.

The record discloses that the hogs were unloaded after night and the inspection was then made; that some of the hogs were slow, dopey or loggy. This condition was noticed by the plaintiff, by Mr. John DeWeese and Chester Hapner. But plaintiff was put at ease by the statement of Mr. DeWeese, which he readily admits, that this physical state was not unusual and that they would probably come around O.K. Mr. DeWeese further states that the condition observed in these hogs was not unusual, but ordinary and similar to that which he had noticed in shipments he had received covering thousands of hogs. Dr. Straker by his testimony lends strength to the theory that it would have been difficult to detect the illness with which the hogs were probably affected when unloaded until the more acute stages of the disease had developed. In fact, he was of opinion that experts, the inspectors, could not have diagnosed the disease of these hogs on inspection while in transit.

This testimony and more which the record discloses permitted the jury with propriety, and within a province which we can not invade, to say that the plaintiff had exercised due care and could not have known the defect when he accepted the hogs, and that the defendants were not released from the implied warranty.

Complaint is made that defendants were prejudiced by the failure of the court to give four special instructions submitted and requested after argument and the giving of the general charge. We have examined them in connection with the general charge. Nos. 1 and 3 relate to agency. No. 2 pertains to the obligation of plaintiff upon inspection of the hogs. No. 4 is an instruction taking express warranty out of the case.

We believe that no prejudice appears in the failure to give Nos. 1, 2 and 3 as the subject matter was sufficiently and correctly covered in the general charge. No. 4 was not required because there was no claim of express warranty, nothing in the evidence to support it and the general charge did not direct the attention of the jury to the question in any manner making necessary the submission of a further charge.

The record does not, in our judgment, disclose any error which is manifestly prejudicial to the defendants. The judgment will be affirmed.

ALLREAD, J, concurs.

KUNKLE, PJ, not concurring.